IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN M. MICKELSON,

                                          OPINION and ORDER

               Plaintiff,

                                          09-cv-003-bbc

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an action for judicial review of an adverse decision of the Commissioner of Social Security, denying plaintiff John M. Mickelson's applications for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, codified at 42 U.S.C. §§ 416(I), 423(d) and 1382(c)(3)(A). The sole issue in this case is whether substantial evidence supports the administrative law judge's finding that plaintiff was not entitled to a closed period of disability from March 2005 through June 2006 because he was engaged in substantial gainful activity during that time period. Plaintiff's testimony at the hearing regarding the number of hours he worked and his hourly rate provides ample support for the administrative law judge's finding. Although plaintiff

1

complains that the administrative law judge should have conducted a more detailed inquiry into plaintiff's business expenses, plaintiff has never offered any evidence showing that he incurred such expenses.  For this reason, I am denying plaintiff's motion for summary judgment and affirming the administrative law judge's decision.

The following facts are drawn from the administrative record (AR):

FACTS

Plaintiff was born on January 7, 1966.  AR 66.  He attended electrician apprentice school and worked as an electrician.  AR 69, 74.  Plaintiff was injured in a snowmobile accident on March 19, 2005.  His leg was broken in five places, and his recovery was slowed by an infection and necessary skin grafting.

On April 13, 2005, plaintiff applied for disability insurance benefits and supplemental security income, alleging disability since the date of his accident.  AR 15.  After the local disability agency denied plaintiff's applications initially and upon reconsideration, plaintiff requested a hearing, which was held on May 20, 2008.  Plaintiff was represented by a lawyer, who stated that plaintiff was seeking disability benefits only for the period from March 19, 2005 until he went back to work full time on June 6, 2006.  AR 267.

Plaintiff testified that in December 2005, his doctor released him to go back to work on light duty.  AR 267.  He approached his employer, Bauer Electric, about returning to

2

work, but the company did not want to accept liability for any injury he might suffer when he returned to work. As a result, plaintiff said, in January 2006 he started his own business as an electrical subcontractor. He began working for Bauer as a subcontractor in February 2006, working four to six hours a day five days a week. He performed light duty, putting in outlets and switches, AR 268-70, earning $25 an hour. AR 270. On examination by his lawyer, plaintiff testified that he paid for his materials, insurance, licensing and taxes from his earnings. He had an accountant who took care of reporting his earnings. Plaintiff did not testify about how much he spent on business expenses or submit any records of his business expenses. AR 272. His earnings record for 2006 showed earnings of $10,080.70. AR 52, 61.

On May 29, 2008, the administrative law judge issued her decision, finding plaintiff not disabled for the closed period because he had engaged in substantial gainful activity during that period. AR 15-18. She explained:

> Beginning in February 2006, the claimant began working as a subcontractor, performing his former duties, on a part-time basis, 4-6 hours per day, 5 days per week. He earned $25 per hour. This work was performed at the SGA level, and was performed within the first 12 months of alleged disability.

AR 17.

This decision became the final decision of the commissioner on November 5, 2008, when the Appeals Council denied plaintiff's request for review. AR 4-6.

3

OPINION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is not disabled if he is engaging in substantial gainful activity. Substantial gainful activity is defined as work that is both "substantial" and "gainful." Substantial work activity "involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). Gainful work activity is work for done for "pay or profit," even if a profit is not realized. Id. § 404.1572(b).

The Social Security Administration has annual earnings guidelines that establish an amount that is presumed to constitute substantial gainful activity. 20 C.F.R. § 404.1574(b). In 2006, the threshold amount was $860 a month. Therefore, a person who earned more than $860 a month in 2006 is presumed to have been engaging in substantial gainful activity. http://www.ssa.gov/OACT/COLA/sga.html.

The commissioner has special rules for evaluating work activity by a self-employed person. If an individual is self-employed, his or her activities and their value to the business will be considered to determine whether the individual has engaged in substantial gainful activity. 20 C.F.R. § 404.1575(a)(2). There are three tests for making this determination.

4

Under the first test, an individual has engaged in substantial activity if he or she has rendered services that are significant to the operation of the business and received a "substantial income" from the business. Id. A self-employed individual has substantial income from a business if "countable income" from the business averages more in a month than the monthly amount established for the particular calendar year by the SGA earnings guidelines. 20 C.F.R. § 404.1575(c)(2); Social Security Ruling 83-34. In general, countable income is gross income less normal business expenses, although certain other expenses may be deductible. 20 C.F.R. § 404.1572(c). Tests two and three address the comparability and worth of work, 20 C.F.R. §404.1575(a)(2), but it is not necessary to consider them if the individual is found to have been engaged in substantial gainful activity under test one. Id.

The administrative law judge found that from February to June 2006, plaintiff earned $25 an hour, for four to six hours a day, five days a week. She concluded that this was substantial gainful activity. Although she did not set out any calculations in her decision, at four hours a day, five days a week, a conservative estimate of plaintiff's income during that period would be $500 a week or roughly $2,000 a month, far in excess of $860.

Plaintiff does not deny that he rendered services that were significant to the operation of his business, but he denies that he received a substantial income from the business. He asserts that his actual monthly countable income was below the statutory amount. First, he calculates his monthly income during the relevant time period as $645 a month, but this is

5

clearly incorrect. Plaintiff calculated this amount by assuming that he was working four to six hours a *week*. However, it is clear from the record that plaintiff worked four to six hours a *day*.

Second, he argues that the administrative law judge failed to make any inquiry into his business-related expenses. Had she done so, he asserts, she would have had to reduce his actual earnings below the threshold amount. This argument is not persuasive. Not only is it plaintiff's burden to prove that he is not engaging in substantial activity, Callaghan v. Shalala, 992 F. 2d 692, 696 (7th Cir. 1993), but he testified that he had an accountant who took care of reporting his earnings. It is reasonable to assume that an accountant would have reported as self-employment earnings subject to Social Security only earnings net of legitimate business expenses. This assumption is borne out by the difference between plaintiff's reported earnings of $10,080.70 and the amount he would have earned at his hourly rate of $25 an hour.

Although plaintiff was represented by counsel and had a full opportunity to offer evidence of business expenses at the hearing or ask the administrative law judge to keep the record open so that he could do so, he made no effort to support his present claim that his net earnings fell below an average of $860 for the period from February 2006 to June 2006. Glenn v. Sec'y of HHS, 814 F. 2d 387, 391 (7th Cir. 1987) (where plaintiff is represented by counsel, the administrative law judge is entitled to assume that plaintiff was making his

6

strongest case for benefits and leaving no significant evidence or testimony out of the record). Even in his brief in this court, plaintiff's lawyer made no effort to identify actual business expenses but merely posed rhetorical questions about possible business expenses plaintiff might have incurred. Br. in Supp. of M. for Summ. Jmt., dkt. #15, at 10. Without some evidence to show that a more detailed inquiry by the administrative law judge would have yielded a different outcome, plaintiff's claim has no merit. Like the plaintiff in Callaghan, 992 F. 2d at 696, who failed to produce his tax returns after repeated requests, plaintiff "cannot now complain of a truncated analysis when his failure to provide his own tax records caused the alleged deficiency." Id.

Finally, plaintiff argues that the administrative law judge erred by not considering the second and third tests in 20 C.F.R. § 404.1575(a)(2). Because the administrative law judge found that plaintiff received a substantial income from his business for significant services rendered and met test one, she did not need to reach tests two or three. Id.

The administrative law judge's decision that plaintiff was not disabled because he engaged in substantial gainful activity from February to June 2006 is supported by substantial evidence in the record, namely plaintiff's testimony that he was working four to six hours a day and earning $25 an hour during that time period. Plaintiff has presented no evidence to show that the administrative law judge was mistaken when she found him able to engage in substantial gainful activity beginning in February 2006. Therefore, I am

affirming the commissioner's decision that plaintiff was engaged in significant gainful activity from March 2005 through June 2006 and was not disabled during this period.

ORDER

IT IS ORDERED that the decision of defendant Michael J. Astrue, Commissioner of Social Security is AFFIRMED and plaintiff John M. Mickelson's appeal is DISMISSED.

The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 24th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge